IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SPYREDON VELENTZAS,[1] <br> aka Spyridon Velentzas, <br><br> Petitioner, <br><br> v. <br><br> ERIC D. WILSON, Warden, <br> FMC-Fort Worth, <br><br> Respondent. | §§§§§§§§§§§§ | Civil Action No. 4:17-cv-028-O |

**OPINION AND ORDER**

Before the Court is Spyredon Velentzas's ("Velentzas") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Pet. 1, ECF No.1. Warden Eric D. Wilson filed a response with appendix to which Velentzas filed a reply. See Resp., Appendix and Reply, ECF Nos. 7, 8, 8-1, 9.

After review of the pleadings, the records, and applicable law, the Court **DISMISSES** Velentzas's § 2241 petition for lack of jurisdiction.

**I.     BACKGROUND**

In June, 1992, a jury found Velentzas guilty of eleven of thirteen counts of an indictment. App. 2,[2] ECF No. 8-1; Pet. 1, ECF No. 1. A mistrial was declared on counts 10 and 11 of the

---

[1]Petitioner was identified in his underlying criminal case, in documents filed in the United States Court of Appeals for the Second Circuit, and on the Bureau of Prisons website as "Spyredon Velentzas." He filed a motion under 28 U.S.C. § 2255 in case number 2:02-CV-3155-DRH, in the United States District Court for the Eastern District of New York as "Spyridon Velentzas." *See infra* page 3. The Clerk of Court is therefore directed to add the name Spyridon Velentzas to the docket.

[2]The Respondent's Appendix contains portions of the docket in *United States v. Velentzas*, No. 1:91-cr-384-DRH (1) (E.D.N.Y. 1993). The Court also takes judicial notice of the docket and records of this underlying criminal case. *See* FED. R. EVID. 201(b)(2) and (c)(1). The counts included: racketeering, in violation of 18 U.S.C. § 1962(c); conspiracy to engage in racketeering, in violation of 18 U.S.C. § 1962(d); conspiracy to collect unlawful gambling debts in aid of racketeering, in violation of 18 U.S.C. § 1962(d); two

indictment—murder in aid of racketeering in violation of 18 U.S.C. § 1952B(a)(1) and conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1952B(a)(5). *Id.*

A new trial was held in February 1993, and Velentzas was found guilty by a jury of murder in violation of Counts 10 and 11. App. 3–4, ECF No. 8-1. Prior to both trials, the government sought permission to introduce into evidence certain statements made by Sorecho "Sammy" Nalo, the murder victim, after he had been shot but before he died. Mem. Op. and Order resolving motion *in limine, United States v. Valentzas*, 1993 WL 37339 at *1 (E.D.N.Y. Feb. 5, 1993). Both times, the court denied the government permission to use statements directly implicating Velentzas in the murder. The court did allow the government to introduce evidence showing that (1) Velentzas had arranged to meet Nalo at the travel agency where Nalo was shot, and that (2) Velentzas and Nalo were talking on the telephone to each other at the time of the shooting. *Velentzas*, 1993 WL 37339 at **2-3.

At sentencing, Velentzas was sentenced to life imprisonment on the murder conviction, with the remainder of the sentences ranging from five to 20 years' imprisonment, to be served concurrently to each other and to the life sentence imposed on the murder conviction. App. 5, ECF No. 8-1; Pet. 2, ECF No. 1. Velentzas's conviction (along with his co-defendants) was affirmed on direct appeal. *United States v. Nicolapolous, Et Al.*, 30 F.3d 381, 382–85 (2d Cir. 1994). Velentzas's petition for writ of *certiorari* was denied by the Supreme Court. *Velentzas v. United States*, 513 U.S. 1059 (1994).

---

counts of interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1955; interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952; interstate transportation of wagering paraphernalia, in violation of 18 U.S.C. § 1953; conspiracy to make extortionate extensions of credit, in violation of 18 U.S.C. § 892; conspiracy to use extortionate means to collect extensions of credit, in violation of 18 U.S.C. § 894; and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.

On May 29, 2002, Velentzas filed a motion under 28 U.S.C. § 2255. App. 9–10, ECF No. 8-1.[3] The district judge who presided over the underlying trial, Denis R. Hurley, resolved the § 2255 motion. His 2004 Memorandum of Decision and Order includes background information that is helpful in understanding Velentzas's criminal conduct:

> On February 26, 2013, following a jury trial before this Court, Spyredon Velentzas was convicted of conspiring to murder Sorecho "Sammy the Arab" Nalo ("Nalo") and murdering Nalo in aide of racketeering activities in violation of 18 U.S.C. §§ 1952B(a)(5) and 1952B(a)(1), respectively. Today, those statutes are consolidated and renumbered under 18 U.S.C. § 1959. These convictions arose out of a conspiracy in which Velentzas solicited Peter Chiodo ("Chiodo"), a then member of the Luchese family of La Cosa Nostra ("Luchese family"), to arrange for Nalo's murder "because Nalo was purportedly moving in on Velentzas' gambling operations and posed a threat to Velentzas's physical safety." Pet'r Mem. at 1. Velentzas, who was also reputed to be a Luchese family associate, lured Nalo to Velentzas' travel agency where, under a pre-arranged plan, Michael Spinelli ("Spinelli"), a hit-man for the Luchese family, shot and killed Nalo. For these crimes and for other RICO convictions of which he was convicted at a prior trial, Velentzas was sentenced on May 21, 1993 to life imprisonment.

Mem. of Decision and Order (attached to the Notice of Appeal) 4, ECF No. 12, *Velentzas v. United States*, No. 2:02-cv-3155-DRH (E.D.N.Y. June 18, 2004). In the § 2255 motion, Velentzas, through counsel, claimed that he was actually innocent of the murder based upon newly discovered evidence of testimony by Michael Spinelli in another later trial, and he asked the court for leave to depose Michael Spinelli. *Id*. at 4–5. The Court rejected Velentzas's claims and denied the § 2255 motion:

> In this case, Petitioner [Velentzas's] sole claim is one of actual innocence based upon newly discovered evidence. Because he fails to raise a federal constitutional issue, this Court cannot review this claim on its merits. However, the Court notes that the fact that Michael Spinelli never directly spoke to Petitioner about Nalo's murder or heard of Petitioner's involvement in planning Nalo's murder does not negate Petitioner's participation in the conspiracy. Peter Chiodo testified that Velentzas

---

[3]The Appendix contains portions of the docket in *Velentzas v. United States*, No. 2:02-cv-3155-DRH (E.D.N.Y. 2004) The Court also takes judicial notice of the docket and records of this case. *See* FED. R. EVID. 201(b)(2) and (c)(1).

solicited him to arrange for Nalo's murder outside of Spinelli's presence. Further, at Petitioner's trial, there was substantial corroborating evidence of Petitioner's role in Nalo's murder, including "Nalo's statements that he and Spyredon Velentzas had arranged to meet a Olympic at 6:00 pm, that he was on the telephone with Velentzas when he was shot, and that his assailant left in a dark, two door sedan with tinted windows." *United States v. Velentzas*, No. 91-cr-384(S)(DRH), 1993 WL 37339 at *2 (E.D.N.Y. Feb. 5, 1993) (holding that the above mentioned statements were admissible but declining to allow into evidence Nalo's statements to police that "Velentzas had this done to me" and that Velentzas was responsible for the shooting).

. . .

In sum, Petitioner has no cognizable claim for habeas relief, as newly discovered evidence does not raise a constitutional issue. Even if he did, he has failed to show actual innocence, given the extensive evidence presented by the Government at trial and the inconclusive character of Petitioner's current proffer. For the reasons indicated, discovery would not cure the defect.

*Id.* at 6–7, 8–9. Velentzas appealed the denial of his § 2255 motion, but the United States Court of Appeals for the Second Circuit denied his request for a certificate of appealability. *Velentzas v. United States*, No. 04-3445-pr (2d Cir. Dec, 8, 2004).

In 2005, while Velentzas was housed in a Bureau of Prisons facility in Waymart, Pennsylvania, he filed a petition under 28 U.S.C. § 2241. Pet.1, ECF No.1, *Velentzas v. Lindsay*, No. 4:05-cv-1074-JEJ (M.D. Penn. 2005).[4] A magistrate judge issued a report and recommendation, noting that Velentzas's claims based on the same claim of newly discovered evidence of Spinelli's post- conviction testimony he had raised in the § 2255 motion, along with a new claim that counsel deprived him of the right to testify at trial, were not properly brought in a § 2241 petition. R. & R., ECF No. 12, *Velentzas v. Lindsay*, No. 4:05-cv-1074-JEJ (M.D. Penn. Sep. 9, 2005). Velentzas subsequently filed a motion to withdraw the § 2241 petition, and the district judge dismissed the petition without reaching the magistrate judge's recommendation. Order of Dismissal, ECF No. 14, *Velentzas v. Lindsay*, No. 4:05-cv-1074-JEJ (M.D. Penn. Oct. 4, 2005).

---

[4]The Court takes judicial notice of the docket and available records of the court in *Velentzas v. Lindsay,* No. 4:05-cv-1074-JEJ (M.D Penn. 2005). *See* FED. R. EVID. 201(b)(2) and (c)(1).

On May 12, 2010, Velentzas wrote a letter to the trial court to bring to its attention a "fraud" allegedly committed by Michael Spinelli. App. 19, ECF No. 8-1. In what he labeled a notice of fraud as opposed to a collateral attack, Velentzas told the court that Spinelli had falsely accused him in his trial, attaching a transcript to the letter. *Id*. 19, 20–26. In the transcript, Spinelli admitted to shooting Nalo. *Id*. 22–23. The court took no action on the letter. Velentzas has not filed any additional motion in the underlying criminal case. Velentzas has now filed the instant § 2241 petition while housed at FMC-Fort Worth in this district.[5] Pet. 1, ECF No. 1.

## II. CLAIM FOR RELIEF

In his § 2241 petition, Velentzas asserts that newly discovered evidence proves that he is actually innocent of the murder charge for which he was convicted and sentenced to life imprisonment. Pet. 2, ECF No.1. The "newly discovered evidence" relied upon in this § 2241 petition is the testimony of Michael Spinelli upon which Velentzas previously sought relief under § 2255 and § 2241. Pet. 4–10, ECF No. 1. Velentzas seeks immediate release from prison. Pet. 10, ECF No. 1.

## III. ANALYSIS – § 2255 Saving Clause

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings

---

[5]Velentzas is now housed in FCI-Allenwood, in White Deer, Pennsylvania. Notice of Change of Address, ECF No. 18.

clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Velentzas fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of his detention. Velentzas cannot rely on § 2241 merely because he already sought relief under § 2255 that was denied and he may be prohibited from now seeking relief through a successive § 2255 motion. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830). "'Actual innocence' for purposes of our savings clause test could only be shown if [a petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for

6

conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon the savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense).

In this case, Velentzas has not made these showings, and a review of the actual innocence based upon newly-discovered-evidence ground in his § 2241 petition shows that he cannot make the requisite showing. Velentzas has not identified any Supreme Court decision that retroactively applies to his case. Nor has he asserted that he has been convicted of a nonexistent offense, or that his claims were foreclosed by circuit law at the time when the claims could have been raised in his first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 903. Velentzas's argument does not fall within the "limited exception" found in the savings clause. *See generally Montgomery v. United States*, 341 F. App'x 8, 9, 2009 WL 2029875 (5th Cir. 2009) ( "[§ 2241 Petitioner] Montgomery argues that he should be allowed to proceed under § 2241, despite his inability to satisfy the test of *Reyes-Requena v. United States*, 243 F.3d [at 904], because he has not been allowed to proceed under § 2255 with his evidence of his innocence. His inability to meet the requirements for filing a successive § 2255 motion does not render § 2255 inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d [at 452-53]. Montgomery has not shown that he should be allowed to raise his claims in a § 2241 petition notwithstanding his failure to meet the requirements of the savings clause. He has not established that his alleged actual innocence provides a 'gateway' through which the district court is authorized to review his claims.").

As Velentzas does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, he is not entitled to relief under § 2241. The § 2241 petition must be dismissed for want of jurisdiction.[6] *See Christopher*, 342

---

[6]Although the Respondent raises arguments responsive to the petition as a § 2255 motion, this Court does not reach those arguments as it lacks jurisdiction to construe the instant § 2241 petition as a § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680-81 (5th Cir. 1999) (*per curiam*) (holding that "the district court lacked jurisdiction to construe [a § 2241] petition as a § 2255 motion because [petitioner] had not received prior authorization from [the court of appeals] to file a successive § 2255 motion.") Furthermore, a § 2255

7

F.3d at 379, 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the saving clause are not met).

IV. ORDER

Accordingly, it is **ORDERED** that Spyredon Velentzas's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **30th day** of **January, 2019**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

motion must be filed in the court in which the habeas petitioner was convicted and sentenced—which in this case is the Eastern District of New York. *See Escamilla v. Warden USP Beaumont*, 31 F. App'x 155, 2001 WL 1748345, at *1 (5th Cir. Dec. 12, 2001) (citing *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (noting that only court with jurisdiction to review a § 2255 motion is the sentencing court).